IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Spann, ) | C/A: 3:11-426-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of Probation, ) | |
| Parole, and Pardon Services; William Sumter; ) | |
| Sgt. Richardson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Raymond Spann, ("Plaintiff"), proceeding *pro se*, brings this action seeking restitution for property damage. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Sumter-Lee County Correctional Facility and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

Plaintiff brings this claim against the South Carolina Department of Probation, Parole and Pardon Services, Parole Officer William Sumter, and City of Sumter Police Officer Sgt. Richardson, seeking compensation for damage to Plaintiff's air conditioner, valued at $3,200, and the window in which it was installed. Plaintiff's Complaint alleges that Defendants pulled the air conditioner out of the window after Plaintiff failed to respond when they knocked at the door of his residence. Plaintiff's Complaint alleges that, on December 18, 2010, Defendants Sumter and Richardson, and other officers and a K-9,

*PJG*

came to his residence and, after knocking on his door and receiving no response, went around the house. Plaintiff alleges:

> They, stopped at my air-conditioner. They, then proceeded to pull the a/c out of the window wich resulted in the a/c drop on the ground. Wich, resulted in the a/c unit bending up. I came running out of my kitchen and told the officers. "to put my a/c unit back in." They, then proceeded to reinstall the a/c unit. A deputy sheriff then came on the scene, and I stated that "I may press warrants against ya'll." And, that was told to the US Marshalls! After, that I was arrested and brought to the Sumter-Lee Regional Facility!"[1]

(Compl., ECF No. 1 at 3.) Plaintiff further alleges: "I would like the Court to make the SC Department of Probation, Parole, and Pardon Service. And also the Sumter County Sheriffs Office to pay for my a/c unit, my window, and all of the damages done to my property!" (Id. at 4.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of

---

[1] According to the inmate inquiry screen on the Sumter-Lee Regional Detention Center's website, Plaintiff was arrested on December 17, 2010 for violation of probation and is being held on $15,000 bond, awaiting a court date on April 8, 2011. See http://www.sumtercountysc.org/p2c/jailinmates.aspx. The court may take judicial notice of factual information located in postings on government websites. See Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating); In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records).



Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[2]Screening pursuant to § 1915A is subject to this standard as well.



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In order for this Court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951). Further, it is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11, (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936).



The two most commonly recognized and utilized bases for federal court jurisdiction include (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. Owen, 437 U.S. at 373-74. This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when he filed his Complaint, the amount in controversy concerns an air conditioner valued at $3,200.00 and Plaintiff and Defendants are all citizens and residents of South Carolina (ECF No. 1 at 2-3).

Second, the allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a plausible claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint does not specifically allege that a right secured by the Constitution or laws of the United States was violated by Defendants. Even liberally construing the Complaint as asserting a claim under 42 U.S.C.

§ 1983 for violation of the Due Process Clause of the Fourteenth Amendment,[3] the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff complains of negligent conduct by the defendants, he cannot bring this action under § 1983. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200-03 (1989) ("[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation").

Moreover, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Mora v. City of Gaithersburg, MD, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). Taking Plaintiff's allegations as true, Plaintiff must utilize his remedies under South Carolina law to obtain relief for the alleged

---

[3] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



damage to his personal property, such as by bringing a tort action in state court or proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq.  See Mora, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); Hudson v. Palmer, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); see also Plumer v. State of Maryland, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); Yates v. Jamison, 782 F.2d 1182, 1183-184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[4]

Thus, to the extent that Plaintiff's Complaint may be construed as an attempt to bring a due process claim under § 1983 by alleging that Defendants Sumter and Richardson, acting under color of state law, intentionally or negligently damaged Plaintiff's personal property or intentionally or negligently allowed another person to damage Plaintiff's personal property, Plaintiff's Complaint fails to state a cognizable claim of a

---

[4]  Yates has been partially overruled for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]"  Plumer v. Maryland, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); see also Zinermon v. Burch, 494 U.S. 113, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990).  However, the holding in Yates is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.



constitutional violation by either of these individual Defendants that may be asserted in federal court. Hence, the alleged damage to Plaintiff's personal property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

Additionally, Defendant South Carolina Department of Probation, Parole and Pardon Services is immune from suit. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Moreover, it has long been recognized that arms of the State are not "persons" for purposes of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Accordingly, Plaintiff's claims against Defendant South Carolina Department of Probation, Parole and Pardon Services fails as a matter of law.

Thus, this Court lacks jurisdiction to hear this case and Plaintiff's Complaint as against all three Defendants must be dismissed, under 28 U.S.C. § 1915(e)(2)(B)(ii) and



(iii), because it "fails to state a claim on which relief may be granted," and "seeks monetary relief against a defendant who is immune from such relief."

## RECOMMENDATION

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993); Todd v. Baskerville, 712 F.2d 70. (4th Cir. 1983); see also 28 U.S.C. § 1915(e)(2)(B).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 1, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).